# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHAPMAN, SEAN FLANAGAN, HERBERT JACOBI, and JAMES FARRELL,<br><br>Defendants. | 2:03-CR-03-0347 JCM (PAL)<br><br>Date:     N/A<br>Time:    N/A |

## ORDER

Presently before the court is defendant Daniel Chapman's (hereinafter "defendant") renewed motion to alter or amend judgment. (Doc. #541). The government filed an opposition (Doc. #543), and defendant filed a reply. (Doc. #544).

Defendant's motion stems from an indictment that was dismissed by this court on May 11, 2006. The Ninth Circuit upheld the dismissal on May 6, 2008. (Doc. #544). Defendant requests that the court reconsider the recently denied motion for fees and other legal expenses. (Doc. ## 534, 540).

After the dismissal of the indictment, defendant sought relief under Fed R. Civ. P. 60(d)(3), alleging that the government perpetrated a fraud on the court. On March 17, 2010, defendant claimed that the case should be reopened for the purpose of granting his motion for attorneys' fees and costs. After a hearing, held on May 13, 2010, this court denied the defendant's motion to reopen the case under Rule 60(d)(3).

**James C. Mahan**
**U.S. District Judge**

1  Fed. R. Civ. P. 59(e) permits the court to alter a judgment upon motion. A motion under this rule "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Furthermore, a prevailing party, other than the United States, may recover attorneys' fees and costs where the court finds that the position of the United States was vexatious, frivolous, or in bad faith. 18 U.S.C.S. § 3006A.

Defendant's arguments for this motion are substantially similar to the arguments raised in his Fed R. Civ. P. 60(d)(3) motion to reopen the case. (Doc. #532). Here, defendant presents neither newly discovered evidence nor establishes any error in this court's denial of the Rule 60(d)(3) motion.

According to the Ninth Circuit, defendant was not a prevailing party–a requirement to succeed in recovering attorneys' fees and costs. *U.S. v. Chapman*, 524 F.3d 1073, 1089 (9th Cir. 2008). As defendant concedes, Rule 59(e) should be used sparingly. (Doc. #541). Although defendant proceeds under the theory that granting this motion would "correct a manifest error of law or fact upon which the judgment is based and prevent manifest injustice," defendant has not successfully shown an evidentiary basis that granting this motion would accomplish such ends. *See id.* Defendant fails to demonstrate that the location or discovery of the "Potter boxes" would have necessarily exculpated him and "eviscerated" the government's case. Therefore, this court is not persuaded that the circumstances of this case compel an amendment of the judgment.

THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to alter the judgment on the denial of the motion to reopen the motion for fees and other legal expenses (Doc. #541) be, and the same hereby is, DENIED.

DATED this 2nd day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**